# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 2:18-CR-4106-BCW-02 |
| TYESHA AHSHAY MARSHALL, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The defendant, by consent, appeared before the undersigned on May 19, 2020, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Count 1 of the Superseding Indictment. After cautioning and examining the defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which the defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge all appeared by video teleconference. The defendant appeared from home, by video teleconference. Initially, the prosecutor had issues connecting but was able to proceed by video teleconference. The defense counsel requested the matter proceed by video teleconference since the uncertainty of the coronavirus restrictions would cause further indefinite delay. The defendant waived her right to appear in person and consented to appearing by video teleconference. At one point, the prosecutor had a bad connection and the Court proceeded with reading the range of punishment. When connection resumed, the prosecutor was able to proceed with reading the elements of the charge. During the hearing, the defendant requested a recess in order to confer with her attorney. The defendant's request was granted, and she contacted her attorney away from the video teleconference, by telephone. Court resumed after a four-minute recess. During the proceeding, the defendant's image and voice were clear, and I confirmed she could see and hear me and the

lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, she could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020, Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing video teleconferencing under certain circumstances). I did not postpone the plea because her lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have a sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

May 19, 2020
Jefferson City, Missouri